UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI

FILED
JAMES BONINI

08 MAR 12 AM 11: 04

| | |
|---|---|
| Antonio Blair | ( |
| | ( |
| v | ( Case No:1-00-070-002 SJD |
| | ( |
| United States of America | ( |

Petition for Resentening Pursuant
to Title 18 USC 3582(c)(2)

Now comes the Petitioner Antonio Blair pro se in this Honorable Court with a Petition to be resentenced pursuant to Title 18 USC 3582(c)(2). Based upon the fact that under the statute criminalizing the distribution of crack cocaine (cocaine base), 21 USC 841 and the relevent Guideline prescription 2D1.1 individual convicted of crack cocaine are subject to the same sentence as individual convicted of offense's of a 100 times more powder cocaine. Effective November 1, 2007 the United States Sentenceing Commission adopted amendment 706, an explicitly retroactive amendement that modified the Guidelines applicable to 2D1.1. Moreover as a result of the 2007 amendment the Guidelines now deviate from statute's 100 to 1, advancing a ratio that varies (at different levels) between 25 to 1 to 80 to 1.
The Commission thus noted that it is only a partial remedy to the problems generated by the concerns over the exorbitance of the crack/powder disparity.

MEMORANDUM OF LAW
IN SUPPORT OF

In 1984 Congress originate the Sentencing Reform Act to reduce unwarrented sentencing disparity among individuals convicted of similiar offense. Then in 1986, Congress undermined the Sentencing Reform Act by placing unwarrented sentencing disparity back into Federal Sentencing with the Anti-Drug Abuse Act. Whereas Congress created the Sentencing Commission and charged it with promulgating the Guidelines with expressed intent of the Sentencing Reform Act of 1984, albeit the first version of the Guidelines did not become operative until November 1987. Thuus while Congress was formulating the adoption of the 1985 Act the Sentencing Commission was tabulating the Sentencing Guidelines. Therein developing Guidelines sentences for crack offenses the Sentencing Commission employed the Anti-Drug Abuse Act of 1986 statute's weight-driven sheme, rather than its usual empirical approach based on past sentencing practices. Whereas this draconian crack/powder disparity originated in the Anti-Drug act of 1986, Congress apparently adopted the 100 to 1 ratio because it erroneously believed that crack, a relatively new drug in 1986 was significantly more dangerous than powder. Subsequently based on additional research and experiemce the Commission later has determined that the crack/podwer differential does not meet the objectives of the Sentencing Reform Act nor the Anti-Drug Abuse Act.

Since crack and powder cocaine have the same physiological and psychtropic effect the Commission identifed three problems with the crack/powder disparity. First the Commission identifed the 100 to 1 ratio rested on the assumptions about the relative harmfulness of the two drugs and the relative prevalence of certain harmful coduct assocaited with thier use and distrubtion that more recent research and data no longer supports. Second the Commission concluded that the crack/powder disparity is inconsistent with the 1986 Acts goal of punishing major drug traffickers more severely than low-level dealers. Finally the Commission stated that the crack/powder sentencing differential "fosters disrespect for and lack of confidence in the criminal justice because that it promotes unwarrented disparity based on race"

                                            see United States Sentencing Commission Report to Congress: Cocaine and Federal Sentencing Policy 8 (May 2007)

Wherefore based upon the Commision observation and disagreement with the 100 to 1 ratio they exercised thier inherent power to modify and adjust part practice in the interest of greater rationality, avoiding inconsistency Rita v US 551 US __ __ (2007), wherby ameliorating the disproportionate and unjust effect that crack cocaine Guidelines have in sentencing. Describing the amendment as "only...partial remedy for the problems generated by the crack/podwer disparity, the Commission noted that "any comprehensive solution requires appropriate legislative action by Congress" 2007 Report 10

As a general matter, courts may not alter a term of imprisonment once it has been imposed. see 18 USC 3582(c) However 3582(c)(2) creates an exception, under this section a district court can re-sentence a defendant whose sentencing range has been lowered by the Sentencing Commission pursuant to 28 USC 994(o). This allows the district court to re-calculate the defendant's sentencing range using the newly reduced guideline, and then determine an appropriate sentence in accordance with the 3553(a) factors.

Whereas the sentencing objectives that the statute set forth in 18 USC 3553 tells the sentencing judge to consider

   (1) offense and offender characteristics
   (2) the need for a sentence to reflect the basic aims of sentencing, namely just punishment rehabilitation
   (3) the sentnece legally available
   (4) the Sentencing Guidelines
   (5) Sentencing Commission policy statement
   (6) the need to avoid unwarrented disparities
   (7) the need for restitution

The provision also telss the Honorable Court to impose a sentence sufficent but not greater then necessary to coply with the basis aims of sentencing as set out above.

the petitioner was indicted in this Honorable Court with numerous infringement of the Federal Drug Statutes but ultimately plead guilty to Title 28 USC 846, the statute which governs Drug Conspiracy. Under the plea agreement and other agrements with the United States petitioner would be sentneced to no less than zero (0) no more than twenty (20). hence pursuant to the guidelines the petitioner's Base Offense Level could only be strategicly placed at level 31 since petitioner was in Criminal History Category VI. Since anything more would have violated the terms of the agreement of the party. Thus based upon this underst-

(3)

anding of the law in relation to the facts petitioner's sentencing exposure was 188 months to 235 months upon which this Honorable Court felt at liberty to impose a sentence of 188 months. Now with the recent change in the legal landscape with the United States Sentencing Guidelines expressing deep content with the sentencing disparity of crack cocaine and podwer cocaine the petitioner is now eligible for a 2 level reduction in sentence. Under the Sentencing Commission retroactive amendment implemented change to 2D1.1 of the Guidelines the petitioner's Base Offense Level is reduced to Level 29 which corresponds to 151 months to 188 months.

Whereas in Booker 543 US 220 (2007) the High Court held that the Sentencing Reform Act of 1984 violated the Sixth Amendment in so far as it required district court judges to follow the United states Sentencing Guidelines,futhermore the Court remedied this infringement by excising the two statutory provisions 18 USc 3553(b)(1) and 3742(e) that made compliance with the Guidelines mandatory. As a result of these two holdings,the district courts were instructed that the Guiudelines must be regarded as"effectively advisory". Booker 543 US at 245 (2007) Afterwards the Ninth Circuit Court of Appeals in United States v Hicks 472 F3d 1167 (2007) held that this landmark decision provides a constitutional standard which courts may not ignore by treating Guidelines ranges manadatory in any context.

Hence the Ninth Circuit read the Booker dictum verbatim "as by now should be clear ,a mandatory system is no longer an open choice" Booker 543 US at 263,the Honorable Court further stressed the Booker dictum as not an option:

> We repeat,given today's constitutional holding [a manadotory Guidelines regime] is not a choice that remains open.. We have concluded that today's holding is fundamentally inconsistent with the judge based sentencing system that Congress enacted into law"   Booker id at 265

Based on the language of Booker the Court held that the Supreme Court "never qualified this statement[s] and never suggested explictly or implicitly that the madatory Guidelines regime survived in any context" and "because a madatory system is no longer an open choice" id at 263, 125 Sct 738,the district court are necessarily endowed with the discrection to depart from the Guidelines under Title 18 USC 3582(c)(2). Whereas the court substantiated this legal premise of precedent law with the Supreme Court's own admonition which the Supreme Court expessed by quickly dismissing the notion that the Guidelines be considered

advisory incertain cases but mandatory in others, with the holding that: "we do not see how it possible to leave the guidelines as binding in other cases.. we believe that Congress would not have authorized a manadatory system in some cases and a nonmandatory system in others, given the administative complexities that such a system would create"

Thus in accordance with the dictum of Booker this Honorable Court should review petitioner Title 18 USC 3582(e)(2) petition under an advisory standard of review as mandated by the Sixth Amendment of the Constitution. In accordance with 18 USC 3553(a) the Guidelines serve as one factor among several the Court must consider in determining as appropriate sentence and with that being what the law mandates we should consider the other factors in tandem. First the COurt should consider "the nature and circumstances of the crime" see 18 USC 3553(a)(1) which was a Drug Conspriacy in which no one was physical hurt. Second "the court should consider the need for a sentence that reflect the aims of sentencing namely just punishment and rehabilitation". see 18 USC 3553(a)(2) This is accomplished by comparing the sentence if petitioner was convicted of only powder cocaine. Whereas if the petitioner only had powder cocaine the petitioner sentencing range would have been 120 months to 150months which is a different of 3 years to 5 years from the draconian sentence of 188 months which was imposed. This disproportinate sentencing cannot be deem just punishment under 3553(a).

But in a positive light the petitioner has made the best use of his time. By enrolling and completing the GED program and an 40 hour drug program. Currently enrolled in Cooking apprenticeship program thru the United States Department of Labor, the petitioner has learned valueable knowledge and job skills to go out into society and be a produtive member of the United States of America. So the petitioner has made every effort to rehabilitate hisself mentally and scholastically.

Next the Court should consider the Sentencing Guidelines and policy statement. see 3553(a)(5) This Honorable COurt should start that by evaluating the Sentnecing Commission reports criticizing the 100 to 1 ratio and concluding that the crack cocaine guidelines drive the offense level to a unjust point, higher than necessary to do justice.

Hence the Sentencing Commission has repeatedly emphasized the 100 to 1 crack/powder ratio significantly overstates the differences between the two froms of the same drug. Thus lately the Commission made modest amenmdment yielding sentneces for crack offenses between two to five times

longer than sentences for equal amounts of powder. see Report 2007
And finally under 18 USc 3553(a)(6) directs this Honorable COurt to
consider the need to avoid unwarrented dispartiy in sentencing.
Under this instruction district courts must take account of sentencing pratices in other court and any unwarrented disparity created by
the crack/powder ratio itself. Kimbrough v US 552 US __ __ 2007
With that said what better court then the Supreme Court for this Honorable Court to look for guidance to determine wherein just punishment should lie.
In Kimbrough,supra in  Supreme COurt the defendant was convicted of
56 grams of crack cocaine and 92.1 grams of powder which yielded a
Base offense level of 32. The Court increased his offense level to 34
for falsely testimony at codefendants trial, with a criminal history
catogory of II estabilhed a guidelines range of 168 to 210 for the
three drug counts. The Guidelines sentence for the firearm offense was
the statutory minimum 60 months for a final guidelines range of 228 to
270 or 19 to 22.5 years.
The District Court conducted the required 3553 evalution and held the
case as a example if the "disproportionate and unjust effect that crack cacaine guidelines have in sentencing". Accordingly the district
court concluded that the statutory minimum was clearly long enough to
accomplish the objective listed in 3553(a) and thus sentenced the defendant Kimbrough to 15 years.
In an unpublished per curiam the Fourth Circuit vacated the sentence
and the Supreme Court reversed this decision by holding it would not
be an abuse of discrection for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence "greater than necessary" to achieve 3553(a)'s purposes.
Accordingly based upon Booker and 3553(a)'s overarching instrustion
to "impose a sentence sufficient,but not greater than necessary"to
accomplish the sentencing goals advanced in 3553 (a)(2),this Honorable Court should resentence the petitioner out of respect for the  law
and the Sentnecing Commission intention to negate sentencing disparity.

CERTIFICATE OF SERVICE

I, Antonio Blair do hereby swear under the pains and penalty of perjury pursuant to Title 28 USC 1738 that (1) one true and correct and (2) two copy of this said motion was forwarded via US mail to the Clerk of the Court for the Southern Distrcit of Ohio- Western sitting in Cincinnati

Respectfully submitted this 10th day of March 2008

Antonio Blair 03349-061
FCi-Manchester
P.O.Box 4000
Manchester, KY 40962